PAUL E. RICHTER, Respondent, v. BERNHARD RUST, Appellant.

Appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial.

PER CURIAM: The judgment and order appealed from should be reversed and a new trial ordered, with costs to abide the event, upon the ground that the verdict was against the weight of evidence. Present — Ingraham, P. J., Laughlin, Scott, Miller and Dowling, JJ. Judgment reversed, new trial ordered, costs to abide event.

———

AMOS EDWARD WOODRUFF, Appellant, v. ELINOR W. SQUIER, Respondent.

Appeal from an order striking out allegations in the complaint.

PER CURIAM: The order should be modified by denying the motion to strike out that portion of the complaint which is comprised in the 4th paragraph thereof; and as so modified affirmed, without costs to either party. Present — Ingraham, P. J., Clarke, Scott, Miller and Dowling. JJ. Order modified as indicated in opinion, and as modified affirmed, without costs. Settle order on notice.

———

In the Matter of the Application of THEODORE B. BARRINGER, Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

*New York city — schools — transfer of principal — principal not teacher.*

Appeal from an order denying a motion for a peremptory writ of mandamus.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Bischoff, J., in the court below. Present — Ingraham, P. J., Clarke, Scott, Miller and Dowling, JJ.

The following is the opinion of the court below:

BISCHOFF, J.: The relator, a principal assigned to Public School No. 39, in the borough of Manhattan, challenges his transfer by the respondent board of education to a public school in another borough without his consent, and the question presented is whether a principal is a "teacher" within the meaning of section 1090 of the charter.* This section provides: "Principals, branch principals, heads of departments, teachers, assistants and all other members of the teaching staff, shall be appointed by the board of education on the nomination of the board of superintendents. Such nominations and appointments shall be made except in the case of high schools or training schools for teachers, for the several local school board districts respectively, and when so made the principals, branch principals, heads of departments, teachers, assistants and all other members of the teaching staff shall be assigned to duty to such schools and to such positions in such schools as the board of superintendents shall determine. Where practicable, teachers shall be appointed for districts in the boroughs where they

* Laws of 1901, chap. 466.— [REP.

reside. Teachers and principals may be promoted or transferred from one school to any other school within the city by the board of superintendents, subject to the approval of the board of education; provided, however, that a teacher shall not be transferred from a school in one borough to a school in another borough without his or her consent." As I read this provision, particularly the last sentence, a clear distinction is made between principals and teachers with respect to transfers. "Teachers and principals" may be transferred, "provided, however, that a teacher shall not be transferred * * * without his or her consent." The association of words importing the distinction is too close to justify the interpretation sought by the relator that the term "teacher" was used generically to include a principal. Elsewhere, in section 1091, the teachers and principals are referred to, for other purposes, as "such teacher," the context indicating that the word "teacher" was employed to cover both classes, but the particular provision now considered in plain phrasing of the law excludes principals from the benefit of choice given to teachers in the matter of the place where services are to be rendered. Any doubt upon the subject would seem to be resolved by the further provision of section 1090, that "for all purposes affecting the * * * transfer of the teachers in any school" the principal of the school to which it is proposed to transfer a teacher shall have a seat in the board of superintendents. The word "teacher," as thus used, illustrates the actual distinction intended between teachers and principals with respect to their assignment to other schools. Motion for writ of mandamus denied.

